**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Case No. 1:20-cv-03165-DDD-STV

SAANEN, LLC,

    Plaintiff,

v.

SILICH CONSTRUCTION, INC., JOHN SILICH,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Saanen LLC hired Defendant Silich Construction, Inc., to build a house in Aspen, Colorado. The relationship went sour, and so Silich Construction filed a mechanic's lien against the house in Pitkin County Court under Colorado Revised Statute § 38-22-101. Saanen responded with this federal suit, seeking, among other forms of relief, a declaratory judgment that the mechanic's lien is invalid. Silich then filed a state-court action in Pitkin County Court, seeking, among other relief, foreclosure of its mechanic's lien against the house. The lien was recorded in August 2020, Saanen filed this federal suit in October 2020, and Silich filed its state-court case to foreclose the delinquent lien in November 2020. Silich Construction and its co-Defendant owner John Silich now move to dismiss this case under *Younger v. Harris*, 401 U.S. 37 (1971).

*Younger* requires a federal court to "not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding

constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Rienhardt v. Kelly,* 164 F.3d 1296, 1302 (10th Cir. 1999). Specifically, *Younger* compels a federal court to abstain from exercising jurisdiction over a case when: (1) there is an ongoing state proceeding, with which the federal case will interfere; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters that traditionally look to state law for their resolution, or implicate separately articulated state policies. *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

The Supreme Court has in recent years reminded lower courts that "[i]n the main, federal courts are obliged to decide cases within the scope of federal jurisdiction," and "[a]bstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). This federal case, however, still falls within *Younger*'s command.

The parties agree that *Younger*'s *prima facie* elements are present: that there is an ongoing state-court proceeding; that Saanen's federal request for declaratory relief would, if successful, interfere with that proceeding; that the state court provides an adequate forum to adjudicate Saanen's concerns; and that enforcing Colorado's mechanic's-lien regime is an important state interest.

*Sprint* clarified, however, that, even in a case like this one where the traditional *Younger* factors are present, abstention obtains in only three "exceptional" circumstances. 571 U.S. at 78. This case falls within the third circumstance identified by the Supreme Court—"civil proceedings involving certain orders uniquely in furtherance of the state courts'

2

ability to perform their judicial functions." *Id.* (citing *Juidice v. Vail,* 430 U.S. 327, 336, n. 12, (1977), and *Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1, 13 (1987)). This exception applies when "the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil,* 481 U.S. at 11. A federal-court challenge to a state-court proceeding to foreclose a pre-judgment mechanic's lien implicates precisely this kind of important state interest. *Rossi v. Gemma,* 489 F.3d 26, 35–37 (1st Cir. 2007) (*Younger* abstention appropriate in due-process challenge to application of state mechanic's-lien statute because, "like *Penzoil,*" it involved a "challenge[] to the processes by which the State compels compliance with the judgments of its courts"); *see also BFP v. Resol. Tr. Corp.*, 511 U.S. 531, 544 (1994) (holding that it is "beyond question" state has important and significant interest enforcing rights to and against real estate); *Horton v. Clark*, 948 F.2d 1294 (10th Cir. 1991) (a state foreclosure proceeding "is precisely the type of case where federal courts out of concerns of comity and the nature of our federal system properly refuse to exercise jurisdiction and intermeddle in the state court proceedings"). This case is thus one of those exceptional circumstances in which a federal court must abstain under *Younger*.

Saanen counters first that *Sprint* forecloses abstention in this case, but the Court disagrees. As explained, *Sprint* certainly cautions against broad-based abstention. But an effort to stop a state-court from enforcing a mechanic's lien is precisely the kind of important state-court judicial proceeding contemplated by *Sprint* for application of *Younger*.

Saanen next argues that because federal courts generally have diversity jurisdiction over diverse state-law claims, including claims involving mechanic's liens, applying *Younger* in this case would relegate

3

diversity jurisdiction to second-class status. This conclusion doesn't follow. *Younger* expressly carves out certain diversity cases from federal courts' authority to adjudicate such cases for the equally compelling reason of comity for the authority of state courts.

Finally, Saanen argues that, because it was the first to file a lawsuit its case should trump, misses its mark. There is no black-letter rule that, for *Younger* to apply, the state proceeding must've been filed first. Rather, *Younger* applies "when state court proceedings are initiated before any proceedings of substance on the merits have taken place in the federal court." *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984) (quoting, *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)). This means that *Younger* applies if the "the federal litigation is in 'an embryonic stage and no contested matter has been decided.'" *Am. Const. L. Found., Inc. v. Meyer*, 113 F.3d 1245 (10th Cir. 1997) (quoting *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 929 (1975)) (alteration adopted). This case is still in utero. Silich moved to dismiss this action at the first possibly juncture in the case before any merits proceedings occurred.

Even assuming, however, that the state-court case must be filed first, Saanen's argument still fails. The Pitkin County Court, not this Court, was the first to obtain jurisdiction over the house at issue. Under Colorado law, actions to foreclose mechanic's liens are actions *in rem*, Colo. Rev. Stat. § 38-22-113(3), and "the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of all others." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818 (1976); *see also Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) ("The court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other."). Here, Saanen's federal case is by its own admission a contract action, not an action against the property, whereas

4

Silich's state case is an *in rem* action to foreclose the mechanic's lien. It is thus the state case that was first in time assuming *Younger* requires as much.

Silich's motion to dismiss (Doc. 14) is **GRANTED.** The clerk is directed to enter judgment in favor of Silich and close the case.

DATED: April 12, 2021.   BY THE COURT:

_____
Daniel D. Domenico
United States District Judge

5